Stuart J. Alterman, Esquire
N.J. Attorney ID No. 327229999
salterman@alterman-law.com
Arthur J. Murray, Esquire
N.J. Attorney ID No. 013901995
ArthurJMurrayEsq@aol.com
amurray@alterman-law.com
Alterman & Associates, LLC
8 South Maple Avenue
Marlton, NJ 08053
Phone: (856) 334-5737
Fax: (856) 334-5731
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

---

THE ESTATE OF LUIS E. ANDUJAR,
by and through its Administrators *Ad
Prosequendum*, Michelle Kincaide and
Teresa E. Vasquez,

     Plaintiff,

        v.                        CASE NO.

COUNTY OF CUMBERLAND,
WARDEN (NOW FORMER WARDEN)
RICHARD SMITH, and DEPUTY WARDEN
(NOW FORMER DEPUTY WARDEN)
CHARLES WARREN, individually, jointly,
severally, and/or in the alternative        COMPLAINT & DEMAND
                                     FOR JURY TRIAL

     Defendants.

---

THE ESTATE OF LUIS E. ANDUJAR, by way of Complaint against Defendants,

individually, jointly, severally, and/or in the alternative, says as follows:

## JURISDICTION

1.     This action is brought pursuant to 42 U.S.C. §1983, §1988 and upon the

United States Constitution, including, but not limited to the First, Fourth,

Eighth, and Fourteenth Amendments thereto.  Jurisdiction is founded upon

28 U.S.C. §1331 and §1343 and the aforementioned statutory and

constitutional provisions.  Plaintiff further invokes the pendent jurisdiction

of this Court to hear and decide any claim arising under New Jersey State

law.

## VENUE

2.     Venue lies in the United States District Court for the District of New

Jersey, pursuant to 28 U.S.C. §1391.

## PARTIES

3.     Plaintiffs Michelle Kincaide and Teresa E. Vasquez are the duly appointed

Administrators *Ad Prosequendum* for THE ESTATE OF LUIS E.

ANDUJAR.  Plaintiff LUIS E. ANDUJAR, now deceased, was a resident of

the State of New Jersey, a citizen of the United States of America and a

former member of PBA LOCAL 231, which was and is the Collective

Bargaining Unit for rank-and-file correctional police officers employed by

Defendant COUNTY OF CUMBERLAND, up through his date of death on

January 22, 2021.

4.     At all times herein mentioned, Defendant COUNTY OF CUMBERLAND is

the entity responsible for the operation of governmental services within its

territorial jurisdiction including the Cumberland County Correctional

2

Institution, and Defendant COUNTY OF CUMBERLAND is duly incorporated under the laws of the State of New Jersey.  At all relevant times hereto, Defendant COUNTY OF CUMBERLAND employed Defendants WARDEN (NOW FORMER WARDEN) RICHARD SMITH and DEPUTY WARDEN (NOW FORMER DEPUTY WARDEN) CHARLES WARREN.

5.     At all times herein mentioned, Defendant WARDEN (NOW FORMER WARDEN) RICHARD SMITH, was an employee of the COUNTY OF CUMBERLAND, was citizen of the State of New Jersey, acting in his capacity as the agent, servant, employee, officer, representative, and/or appointee of Defendant COUNTY OF CUMBERLAND.  Defendant WARDEN (NOW FORMER WARDEN) RICHARD SMITH is sued individually as to all constitutional causes of action and in his official capacity for all other causes of action.

6.     At all times herein mentioned, Defendant DEPUTY WARDEN (NOW FORMER DEPUTY WARDEN) CHARLES WARREN, was an employee of the COUNTY OF CUMBERLAND, was citizen of the State of New Jersey, acting in his capacity as the agent, servant, employee, officer, representative, and/or appointee of Defendant COUNTY OF CUMBERLAND.  Defendant DEPUTY WARDEN (NOW FORMER WARDEN) CHARLES WARREN is sued individually as to all constitutional causes of action and in his official capacity for all other causes of action.

## FIRST COUNT (VIOLATION OF FIRST AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND FREEDOM OF EXPRESSION UNDER THE NEW JERSEY STATE CONSTITUTION)

7.  A global pandemic involving the Coronavirus ("Covid-19") began in China in December of 2019.

8.  The first known case of Covid-19 was reported in the United States on January 21, 2020.

9.  The Cumberland County Correctional Institution under the leadership of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), were on explicit notice as of January 21, 2020 that said pandemic was a real threat to the United States of America and that said pandemic could directly or indirectly impact certain vulnerable communities such as jails, their inmate populations, employees, officers, agents, and servants.

10.  Despite having the aforementioned actual notice, Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) failed to develop timely and effective policies and procedures to combat the threat of the pandemic, failed to order the equipment necessary to adequately protect the employees of Defendant COUNTY OF CUMBERLAND, including, but not limited to Plaintiff LUIS E. ANDUJAR, now deceased, failed to communicate effectively with the employees of COUNTY OF CUMBERLAND, including, but not limited to Plaintiff LUIS E. ANDUJAR, now deceased, and allowed certain policies and

4

procedures to stay in place that actually made employees of COUNTY OF CUMBERLAND, including, but not limited to Plaintiff LUIS E. ANDUJAR, now deceased, not only less safe, but horribly vulnerable to Covid-19.

11.  PBA LOCAL 231, on behalf of its members, including Plaintiff LUIS E. ANDUJAR, now deceased, promptly and repeatedly brought their concerns about policies, procedures, rules, regulations, and other information concerning the operation of the Cumberland County Correctional Institution considering the global pandemic to Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned).

12.  The concerns of PBA LOCAL 231, included, but were not limited to:

    a.  Issuing a Press Release on March 27, 2020 that read in part that "The Cumberland County Freeholders and Jail Administration have done nothing to protect the Cumberland County Correctional Police Officers from Covid 19" and "The Jail Administration has not included the PBA in any discussions about dealing with the Covid 19 crisis."

    b.  Filing an Order to Show Cause filed with the Public Employment Relations Commission on March 30, 2020 concerning a Memorandum issued by then Defendant WARDEN RICHARD SMITH (now resigned) through Captain Michael Palau on

September 25, 2019 that limited the amount of fresh
air to which corrections officers were entitled during
their 12- or 16-hour work shifts, which said limitation
took on a heightened significance upon the onset of
the Pandemic.

c.       Filing a grievance that members of PBA Local 231
were being forced to use their own banked vacation
time, their own banked sick time, and their own
banked administrative time when being forced to
quarantine by order of physicians or supervisors due
to possible exposure to Covid-19 on the job leading to
the depletion of accumulated banks of vacation time,
sick time, and administrative time thereby exposing
the officer to discipline for abuse of vacation time, sick
time, and administrative time upon complete
depletion.  By being exposed to potential discipline for
abuse of vacation time, sick time, and administrative
time, members of PBA Local 231 were without
banked time to use at their convenience to tend to
their families during this global pandemic.

d.       Lobbying for Hazard Pay via Letter of Counsel dated
April 28, 2020.

e.   Lobbying for Increased Transparency in reporting
     results of Covid-19 testing for inmates and employees
     via Letter of Counsel dated May 1, 2020.

f.   Itemizing 9 separate concerns in a letter to outside
     labor counsel for CUMBERLAND COUNTY dated
     May 26, 2020 from counsel for PBA Local 231.

g.   Sending a plethora of Covid-19 related emails and
     letters from PBA Local 231 President Victor
     Bermudez to Administration for CUMBERLAND
     COUNTY, including, but not limited to March 21,
     2020, March 28, 2020, April 2, 2020, April 10, 2020,
     April 29, 2020, May 12, 2020, and May 22, 2020.

h.   Issuing repeated Covid-19 related OPRA requests by
     and through PBA Local 231 President Victor
     Bermudez and/or counsel for PBA Local 231.

i.   Repeatedly requesting, if not demanding, testing of
     Officers, Inmates, and Employees.

j.   Requesting, if not demanding, not only testing, but
     contact testing.

13. In the hours immediately preceding his death on January 22, 2021, Plaintiff
    LUIS E. ANDUJAR, now deceased, was feeling symptoms of Covid-19, and
    was objectively showing symptoms of Covid-19.

14. Plaintiff LUIS E. ANDUJAR, now deceased, brought that information as to both his subjective feelings of illness as well as his objective demonstrations of illness to the attention of multiple supervisory officers within the Cumberland County Correctional Facility, including Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned).

15. All supervisory officers, including Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) ignored Plaintiff LUIS E. ANJUDAR's subjective feelings of illness as well as the objective signs of illness that were clearly visible to a reasonable person.

16. Plaintiff LUIS E. ANDUJAR, now deceased, was repeatedly denied immediate medical attention, and was repeatedly denied being able to use collectively bargained sick leave time to end his shift early and seek medical attention on his own.

17. On January 22, 2021, Plaintiff LUIS E. ANDUJAR, now deceased, promptly and repeatedly brought his concerns about his health and its interplay with policies, procedures, rules, regulations, and other information concerning the operation of the Cumberland County Correctional Institution in light of the global pandemic to Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) by and through his other supervisors.

18.  Upon doing so, Plaintiff LUIS E. ANDUJAR, now deceased, was implicitly and explicitly discouraged from raising the issues to which he brought attention concerning his health and safety and its potential impact on his fellow employees as well as inmates of the Cumberland County Correctional Facility.

19.  The aforementioned actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), violated the First Amendment Rights of Plaintiff LUIS E. ANDUJAR, now deceased, under the Constitution of the United States, as well as the right of Plaintiff LUIS E. ANDUJAR to speak freely under Article 1, Paragraph 6, of the New Jersey State Constitution.

20.  The actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) were in violation of 42 U.S.C. §1983 as well as New Jersey's Civil Rights Act, N.J.S.A. 10:6-1.

21.  As a result of the actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned),  Plaintiff LUIS E. ANDUJAR, now deceased, suffered damages and has otherwise been irreparably injured.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment against Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), as follows:

a.  Compensatory damages;

    b.  Punitive damages;

    c.  Attorneys' fees and litigation costs; and

    d.  Any other relief the Court deems equitable and just.

**SECOND COUNT (VIOLATION OF EIGHTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION AND/OR CRUEL OR UNUSUAL PUNISHMENT UNDER ARTICLE 1, PARAGRAPH 12 OF THE NEW JERSEY CONSTITUTION)**

22.  Plaintiff repeats and incorporates all previous allegations as if fully set forth herein.

23.  On January 22, 2021, upon being denied permission to leave the Cumberland County Correctional Facility in order to seek immediate medical treatment by Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), Plaintiff LUIS E. ANDUJAR, now deceased, essentially became a *de facto* inmate of the Facility.

24.  Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), did, notwithstanding their direct observations of Plaintiff LUIS E. ANDUJAR's, deteriorating condition on January 22, 2021, failed to provide Plaintiff LUIS E. ANDUJAR leave to seek necessary medical care and treatment outside the Facility, failed to provide Plaintiff LUIS E. ANDUJAR necessary medical care and treatment inside the Facility and did otherwise cause Plaintiff LUIS E. ANDUJAR to suffer severe physical distress, proximately causing serious

injury, pain and suffering, eventually resulting in his death on January 22, 2021.

25.  Once denied the ability to leave his shift early and once ordered to remain on post, Plaintiff LUIS E. ANDUJAR did maintain, as a *de facto* inmate, a right under the Eight Amendment to the United States Constitution to be free from inhumane conditions of confinement and/or to be free from cruel or unusual punishment under Article 1, Paragraph 12 of the New Jersey Constitution.

26.  Plaintiff LUIS E. ANDUJAR's constitutional right required administration of adequate medical care within the Facility once his ability to voluntarily leave the facility was thwarted.

27.  The actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) were inconsistent with civilized society, humanity, and basic decency.

28.  The actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) involved the unnecessary and wanton infliction of pain and suffering upon LUIS E. ANDUJAR, now deceased.

29.  Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) were deliberately indifferent to the serious medical needs of one of its employees, namely Plaintiff LUIS E. ANDUJAR, who could not leave the facility on his own accord but needed permission to do so, which was unreasonably denied.

30. The conduct of Defendant WARDEN RICHARD SMITH (now resigned) and

Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) as set

forth above proximately caused a serious, immoral, and illegal deprivation of

medical care and treatment constituting a deliberate indifference to Plaintiff

LUIS E. ANDUJAR's health, safety, and welfare.

31. Defendant WARDEN RICHARD SMITH (now resigned) and Defendant

DEPUTY WARDEN CHARLES WARREN (now resigned) did, by virtue of a

series of acts, demonstrate a pattern of practice of administration throughout

the execution of their duties and course of employment in the Cumberland

County  Correctional Facility, deprive Plaintiff LUIS E. ANDUJAR of adequate

medical care and shelter, knowing that said deprivation was sufficiently

serious to cause bodily harm, all combined to proximately cause and

constitute deliberate indifference to Plaintiff LUIS E. ANDUJAR's health and

safety and recklessly caused a violation of Plaintiff LUIS E. ANDUJAR's rights

secured under the Eighth Amendment of the United States Constitution

and/or to be free from cruel or unusual punishment under Article 1, Paragraph

12 of the New Jersey Constitution.

32. The actions of Defendant WARDEN RICHARD SMITH (now resigned) and

Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) were in

violation of 42 U.S.C. §1983 as well as New Jersey's Civil Rights Act,

N.J.S.A. 10:6-1.

33. As a result of the actions of Defendant WARDEN RICHARD SMITH (now

resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now

resigned),  Plaintiff LUIS E. ANDUJAR, now deceased, suffered damages

and has otherwise been irreparably injured.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment

against Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY

WARDEN CHARLES WARREN (now resigned), as follows:

      a.  Compensatory damages;

      b.  Punitive damages;

      c.  Attorneys' fees and litigation costs; and

      d.  Any other relief the Court deems equitable and just.

## THIRD COUNT (VIOLATION OF FOURTEENTH AMENDMENT RIGHT OF DUE PROCESS UNDER THE UNITED STATES CONSTITUTION BASED UPON STATE CREATED DANGER)

34.  Plaintiff repeats and incorporates all previous allegations as if fully set forth herein.

35.  On January 22, 2021, upon being denied permission to leave the Cumberland County Correctional Facility in order to seek immediate medical treatment by Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), Plaintiff LUIS E. ANDUJAR, now deceased, became an individual more vulnerable to danger than the average citizen.

36.  Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), did, notwithstanding their direct observations of Plaintiff LUIS E. ANDUJAR's, deteriorating condition on January 22, 2021, failed to provide Plaintiff LUIS E.

ANDUJAR leave to seek necessary medical care and treatment outside the
Facility, failed to provide Plaintiff LUIS E. ANDUJAR necessary medical care
and treatment inside the Facility and did otherwise cause Plaintiff LUIS E.
ANDUJAR to suffer severe physical distress, proximately causing serious
injury, pain and suffering, eventually resulting in his death on January 22,
2021, which said death was foreseeable and fairly direct harm based on the
attendant circumstances.

37.   The actions of Defendant WARDEN RICHARD SMITH (now resigned) and
Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) were
inconsistent with civilized society, humanity, and basic decency and rose to
the level of acting with a degree of culpability that shocks the conscience of a
reasonable person.

38.   The actions of Defendant WARDEN RICHARD SMITH (now resigned) and
Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) involved
the unnecessary and wanton infliction of pain and suffering upon LUIS E.
ANDUJAR, now deceased, who became a foreseeable victim of the actions of
Defendant WARDEN RICHARD SMITH (now resigned) and Defendant
DEPUTY WARDEN CHARLES WARREN (now resigned).

39.   Defendant WARDEN RICHARD SMITH (now resigned) and Defendant
DEPUTY WARDEN CHARLES WARREN (now resigned) were deliberately
indifferent to the serious medical needs of one of its employees, namely
Plaintiff LUIS E. ANDUJAR, who could not leave the facility on his own accord
but needed permission to do so, which was unreasonably denied thereby

14

making Plaintiff LUIS E. ANDUJAR, now deceased, more vulnerable to danger, including his eventual death, had Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) done nothing.

40.  The conduct of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) as set forth above proximately caused a serious, immoral, and illegal deprivation of medical care and treatment constituting a deliberate indifference to Plaintiff LUIS E. ANDUJAR's health, safety, and welfare.

41.  Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) did, by virtue of a series of acts, demonstrate a pattern of practice of administration throughout the execution of their duties and course of employment in the Cumberland County  Correctional Facility, deprive Plaintiff LUIS E. ANDUJAR of adequate medical care and shelter, knowing that said deprivation was sufficiently serious to cause bodily harm, all combined to proximately cause and constitute deliberate indifference to Plaintiff LUIS E. ANDUJAR's health and safety and recklessly caused a violation of Plaintiff LUIS E. ANDUJAR's rights secured under the Fourteenth Amendment's Due Process Clause of the United States Constitution.

42.  The actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) were in violation of 42 U.S.C. §1983.

43.  As a result of the actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned),  Plaintiff LUIS E. ANDUJAR, now deceased, suffered damages and has otherwise been irreparably injured.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment against Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), as follows:

a.  Compensatory damages;

b.  Punitive damages;

c.  Attorneys' fees and litigation costs; and

d.  Any other relief the Court deems equitable and just.

**FOURTH COUNT (UNREASONABLE SEIZURE IN VIOLATION OF FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, PARAGRAPH 7 OF THE NEW JERSEY CONSTITUTION)**

44.  Plaintiff repeats and incorporates all previous allegations as if fully set forth herein.

45.  On January 22, 2021, upon being denied permission to leave the Cumberland County Correctional Facility in order to seek immediate medical treatment by Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), Plaintiff LUIS E. ANDUJAR, now deceased, became an individual unreasonably seized by Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) in

violation of the Fourth Amendment of the Federal Constitution and in violation of Article 1, Paragraph 7 of the New Jersey Constitution.

46.  The actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) were in violation of 42 U.S.C. §1983 as well as New Jersey's Civil Rights Act, N.J.S.A. 10:6-1.

47.  As a result of the actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned),  Plaintiff LUIS E. ANDUJAR, now deceased, suffered damages and has otherwise been irreparably injured.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment against Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), as follows:

a.  Compensatory damages;

b.  Punitive damages;

c.  Attorneys' fees and litigation costs; and

d.  Any other relief the Court deems equitable and just.

### FIFTH COUNT (VIOLATIONS OF NEW JERSEY'S CONSTITUTION RIGHT TO ENJOY LIFE AND LIBERTY AND NEW JERSEY'S CIVIL RIGHTS ACT)

48. Plaintiff repeats and incorporates all previous allegations as if fully set forth herein.

49.  Article 1, ¶ 1 of the New Jersey Constitution provides each citizen is entitled to the right to enjoy life and liberty.

50. The aforementioned actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) violated the right of Plaintiff LUIS E. ANDUJAR to enjoy life and liberty under Article 1, Paragraph 1, of the New Jersey State Constitution.

51. The actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) were in violation of the New Jersey's Civil Rights Act, N.J.S.A. 10:6-1.

52. As a result of the actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned)  Plaintiff LUIS E. ANDUJAR, now deceased, suffered damages and has otherwise been irreparably injured.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment against Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), as follows:

a. Compensatory damages;

b. Punitive damages;

c. Attorneys' fees and litigation costs; and

d. Any other relief the Court deems equitable and just.

**SIXTH COUNT (VIOLATIONS OF NEW JERSEY'S CONSTITUTION RIGHT TO PURSUE SAFETY AND HAPPINESS AND NEW JERSEY'S CIVIL RIGHTS ACT)**

53. Plaintiff repeats and incorporates all previous allegations as if fully set forth herein.

54. Article 1, ¶ 1 of the New Jersey Constitution provides each citizen is entitled to the right to pursue safety and happiness.

55. The aforementioned actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) violated the right of Plaintiff LUIS E. ANDUJAR to pursue happiness and freedom under Article 1, Paragraph 1, of the New Jersey State Constitution.

56. The actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) were in violation of the New Jersey's Civil Rights Act, N.J.S.A. 10:6-1.

57. As a result of the actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), Plaintiff LUIS E. ANDUJAR, now deceased, suffered damages and has otherwise been irreparably injured.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment against Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), as follows:

a. Compensatory damages;

b. Punitive damages;

c. Attorneys' fees and litigation costs; and

d.  Any other relief the Court deems equitable and just.

## SEVENTH COUNT (COUNTY FAILURE TO TRAIN UNDER 42 U.S.C. §1983 AND NEW JERSEY'S CIVIL RIGHTS ACT AS TO DEFENDANT COUNTY OF CUMBERLAND)

58.  Plaintiff repeats and incorporates all previous allegations as if fully set forth herein.

59.  At any and all times herein mentioned, Defendant COUNTY OF CUMBERLAND was responsible for the supervision, control, instruction, training and/or hiring of its officials, officers, employees, servants, agents, representatives and/or appointees, specifically Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned).

60.  Defendant COUNTY OF CUMBERLAND was deliberately indifferent to the constitutional rights of Plaintiff LUIS E. ANDUJAR by failing to adequate screen or train its employees, specifically Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), by failing to equip them with specific tools necessary to manage recurring and predictable situations such as the one involving Plaintiff LUIS E. ANDUJAR.

61.  As a result, this failure to adequately screen and/or train its employees, Plaintiff LUIS E. ANDUJAR, now deceased, sustained mental pain, emotional distress, discomfort, loss of enjoyment of life, impairment, emotional pain and suffering, humiliation, damage to reputation, loss of perspective economic advantage, and any other economic and non-economic damages.

62.  The actions of Defendant COUNTY OF CUMBERLAND toward Plaintiff LUIS E. ANDUJAR were in violation of 42 U.S.C. §1983 as well as the New Jersey's Civil Rights Act, N.J.S.A. 10:6-1, et seq.

63.  The cause of action in this Count seeks the equivalent of the cause of action recognized in the Third Circuit in the case of Berg v. County of Allegheny, 219 F.3d 361 (2000).

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment against Defendant COUNTY OF CUMBERLAND as follows:

a.  Compensatory damages;

b.  Punitive damages;

c.  Attorneys' fees and litigation costs; and

d.  Any other relief the Court deems equitable and just.

## EIGHTH COUNT (FAILURE TO ACCOMMODATE UNDER NEW JERSEY'S LAW AGAINST DISCRIMINATION)

64.  Plaintiff repeats and incorporates all previous allegations as if fully set forth herein.

65.  On January 22, 2021 and in the days preceding same, Plaintiff LUIS E. ANDUJAR, now deceased, was suffering from a temporary or permanent disability.

66.  By seeking to leave the Cumberland County Correctional Facility for medical treatment, Plaintiff LUIS E. ANDUJAR, was seeking a medical accommodation, which was unreasonable denied by  Defendant WARDEN

RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned).

67.  Once permission to leave the Cumberland County Correctional Facility for medical treatment was denied, by seeking in-house medical treatment, Plaintiff LUIS E. ANDUJAR, was seeking a medical accommodation, which was unreasonable denied by  Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned).

68.  The actions of Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) were in violation of the New Jersey's Law Against Discrimination.

69.  As a result of the actions of Defendant COUNTY OF CUMBERLAND, by and through Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned),  Plaintiff LUIS E. ANDUJAR, now deceased, suffered damages and has otherwise been irreparably injured.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment against Defendant COUNTY OF CUMBERLAND, Defendant WARDEN RICHARD SMITH (now resigned), and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), as follows:

a.  Compensatory damages;

b.  Punitive damages;

c.  Attorneys' fees and litigation costs; and

d.  Any other relief the Court deems equitable and just.

## NINTH COUNT (TORT OF OUTRAGE)

70.  Plaintiff repeats and incorporates all previous allegations as if fully set forth herein.

71.  The actions of Defendant COUNTY OF CUMBERLAND, by and through Defendant WARDEN RICHARD SMITH (now resigned), and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) constituteD the tort of outrage.

72.  As a result of the actions of Defendant COUNTY OF CUMBERLAND, by and through Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned),  Plaintiff LUIS E. ANDUJAR, now deceased, suffered damages and has otherwise been irreparably injured.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment against Defendant COUNTY OF CUMBERLAND, Defendant WARDEN RICHARD SMITH (now resigned), and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), as follows:

a.  Compensatory damages;

b.  Punitive damages;

c.  Attorneys' fees and litigation costs; and

d.  Any other relief the Court deems equitable and just.

## TENTH COUNT (TORT OF GROSS INSULT)

73. Plaintiff repeats and incorporates all previous allegations as if fully set forth herein.

74. The actions of Defendant COUNTY OF CUMBERLAND, by and through Defendant WARDEN RICHARD SMITH (now resigned), and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) constituteD the tort of gross insult.

75. As a result of the actions of Defendant COUNTY OF CUMBERLAND, by and through Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned),  Plaintiff LUIS E. ANDUJAR, now deceased, suffered damages and has otherwise been irreparably injured.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment against Defendant COUNTY OF CUMBERLAND, Defendant WARDEN RICHARD SMITH (now resigned), and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), as follows:

a. Compensatory damages;

b. Punitive damages;

c. Attorneys' fees and litigation costs; and

d. Any other relief the Court deems equitable and just.

## ELEVENTH COUNT (WRONGFUL DEATH)

76. Plaintiff repeats and incorporates all previous allegations as if fully set forth herein.

77. Plaintiff LUIS E. ANDUJAR, now deceased, left surviving certain persons who were likely to be dependent upon him and who sustained pecuniary damages resulting from his death.

78. At all times relevant to this matter, there was and is in effect in the State of New Jersey, a Wrongful Death statute designated as N.J.S.A. 2A:31-1, et seq.

79. This cause of action is brought within two years of the death of Plaintiff LUIS E.ANDUJAR, now deceased, pursuant to the provisions of as N.J.S.A. 2A:31-1, et seq. of the benefit of the survivors of Plaintiff LUIS E. ANDUJAR, now deceased.

80. The actions and inactions of Defendant COUNTY OF CUMBERLAND, by and through Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned) on January 22, 2021 and in the days, weeks, and months leading up to that date, were willful, wanton, reckless, intentional, and/or in conscious disregard to the health and safety of Plaintiff LUIS E. ANDUJAR, which eventually resulted in his death.

81. As a direct and proximate result of the violations of Defendant COUNTY OF CUMBERLAND, by and through Defendant WARDEN RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), Plaintiff LUIS E. ANDUJAR, now deceased, suffered fatal

injuries and his dependents suffered pecuniary damage, as well as sums of
money for medical expenses, funeral costs, burial costs.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment
against Defendant COUNTY OF CUMBERLAND, Defendant WARDEN RICHARD
SMITH (now resigned), and Defendant DEPUTY WARDEN CHARLES WARREN (now
resigned), as follows:

      a.  Any relief allowed under New Jersey's Wrongful Death Statute;

      b.  Compensatory damages;

      c.  Punitive damages;

      d.  Attorneys' fees and litigation costs; and

      e.  Any other relief the Court deems equitable and just.

### TWELFTH COUNT (SURVIVAL ACTION)

82. Plaintiff repeats and incorporates all previous allegations as if fully set forth
herein.

83. At all relevant times hereto, there was and is in effect in the State of New
Jersey a Survival Statute designated as N.J.S.A. 2A:15-3, et seq., and this
cause of action is brought pursuant to same.

84. As a direct and proximate result of the actions and inactions of Defendant
COUNTY OF CUMBERLAND, by and through Defendant WARDEN
RICHARD SMITH (now resigned) and Defendant DEPUTY WARDEN
CHARLES WARREN (now resigned) on January 22, 2021 and the days,
weeks and months leading up to that date, Plaintiff, LUIS E. ANDUJAR, now

deceased, sustained injuries, endured great pain and suffering, feared for his imminent death, and ultimately died on January 22, 2021.

WHEREFORE, Plaintiff LUIS E. ANDUJAR, now deceased, demands judgment against Defendant COUNTY OF CUMBERLAND, Defendant WARDEN RICHARD SMITH (now resigned), and Defendant DEPUTY WARDEN CHARLES WARREN (now resigned), as follows:

      a.  Any relief allowed under New Jersey's Survival Statute;

      b.  Compensatory damages;

      c.  Punitive damages;

      d.  Attorneys' fees and litigation costs; and

      e.  Any other relief the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Stuart J. Alterman, Esquire and Arthur J. Murray, Esquire, as co-trial counsel in the within matter.

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38(b) and 48, Plaintiff hereby demands trial by jury in accordance with those rules as to all issues.

ALTERMAN & ASSOCIATES, LLC
Attorneys for Plaintiff

By:    /s/ Stuart J. Alterman
        Stuart J. Alterman, Esquire


By:    /s/ Arthur J. Murray
        Arthur J. Murray, Esquire

Dated: October 28, 2022